52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mario Holmes VARGAS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3806.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1995.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Mario Holmes Vargas pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. The district court sentenced Vargas to 121 months of imprisonment and five years of supervised release. Vargas did not appeal.
 
 
 4
 Vargas argues in his motion to vacate that he should have been sentenced based on a conspiracy involving five kilograms. The district court denied the motion, and Vargas appealed. This court remanded the matter to the district court in light of the government's motion for reconsideration filed in the district court. Upon remand, the district court concluded that Vargas was sentenced to a term of imprisonment squarely within the provisions of the guidelines. Vargas now appeals from that judgment. In his timely appeal, Vargas reasserts his same claim that he set forth in the district court.
 
 
 5
 To prevail on his non-constitutional, sentence guideline claim under Sec. 2255, Vargas must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. Reed v. Farley, 114 S.Ct. 2291, 2297 and 2300 (1994).
 
 
 6
 Upon review, we conclude that Vargas has waived his right to assert this claim. Vargas's claim, that the district court improperly applied the Sentencing Guidelines, could have been raised on direct appeal, but was not. Claims that could have been raised but were not on direct appeal will not be entertained in a Sec. 2255 proceeding, unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). Frady applies to a defendant who has pleaded guilty and first raises challenges to his conviction or sentence in a collateral attack. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Vargas has not demonstrated or even alleged cause for the omission, and our own review reflects that he has suffered no prejudice because his claim is without merit. Vargas's remaining arguments raised on appeal are likewise unsubstantial.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation